**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 22-1789

ISOBEL BERRY CULP; DAVID R. CULP,

Appellants

v.

COMMISSIONER OF INTERNAL REVENUE

On Appeal from the United States Tax Court
(Tax Court Docket No. 21-14054)
Tax Court Judge: Eunkyong Choi

Argued on
March 7, 2023

Before: SHWARTZ, BIBAS, and AMBRO, Circuit Judges

(Opinion filed: July 19, 2023)

Oliver D. Roberts  **(Argued)**
Jones Day
2727 North Harwood Street
Suite 500
Dallas, TX  75201

        Counsel for Appellants

Joan I. Oppenheimer
Isaac B. Rosenberg **(Argued)**
United States Department of Justice
Tax Division
950 Pennsylvania Avenue, NW
P. O. Box 502
Washington, DC  20044

        Counsel for Appellee

T. Keith Fogg **(Argued)**
Audrey Patten
Legal Services Center of Harvard Law School
122 Boylston Street
Jamaica Plain, MA  02130

Carlton M. Smith
#4AW
255 W. 23rd Street
New York, NY  10011

        Counsel for Amicus Appellants

OPINION OF THE COURT

**AMBRO**, Circuit Judge

Isobel Berry Culp and David Culp filed a petition for redetermination of a tax deficiency in the United States Tax Court. Because the Culps failed to file it within the time prescribed by 26 U.S.C. § 6213(a), the Tax Court dismissed their petition for lack of jurisdiction. However, because Congress did not clearly state that § 6213(a)'s deadline is jurisdictional, we hold it is not. Nor do we understand it to be unbending, as nonjurisdictional time limits are presumptively subject to equitable tolling and that presumption has not been rebutted here. We thus reverse the Tax Court's order and remand for it to determine whether the Culps are entitled to equitable tolling.

**I.   BACKGROUND**

A. Legal Background

Taxpayers pay taxes in an amount determined by, among other things, their annual income, deductions, and credits. Taxpayers self-report that information, and the Internal Revenue Service may check it. *See* 26 U.S.C. §§ 6212, 7602. If the IRS concludes a taxpayer owes additional taxes, it may send him or her a notice of deficiency stating the additional tax owed. 26 U.S.C. § 6212(a). If the taxpayer disputes the purported deficiency, he or she may, per 26 U.S.C.

§ 6213(a), petition the Tax Court to step in and redetermine the amount owed, if any.

Section 6213(a) of the Tax Code also sets the timeline for this process. It provides most taxpayers 90 days to file redetermination petitions, starting on the date the IRS mails the notice of deficiency.[1] 26 U.S.C. § 6213(a). During that time, the IRS may not levy on the taxpayer's property or move to collect the amount purportedly owed. *Id*. And if the taxpayer files a redetermination petition, the IRS must await a ruling from the Tax Court before levying on property or attempting to collect the purportedly deficient amount. *Id.* But if the taxpayer does not file a petition within the time allotted by § 6213(a), "the deficiency . . . shall be assessed, and shall be paid upon notice and demand from the Secretary [of the Treasury]." 26 U.S.C. § 6213(c).

### B. Factual Background

In 2015, Isobel and David Culp each received $8,826.30 to settle a lawsuit. The couple reported their payments as "Other income" and described it as "PRIZES, AWARDS" in their 2015 tax return. A52. However, the IRS later came to believe the Culps failed to report those payments. Thus, in November 2017 it sent them a letter proposing to increase their taxes owed for 2015 to reflect the perceived underpayment. It gave the Culps 30 days to respond and told them it would send a notice of deficiency if they failed to do so. When the Culps did not respond, the IRS mailed them a notice of deficiency

---

[1] If the IRS addresses a statutory notice of deficiency to a person outside the United States, that individual has 150 days to file a petition. 26 U.S.C. § 6213(a).

alleging a $3,363 underpayment for 2015, plus a $1,324 penalty under 26 U.S.C. § 6651(a).  That notice informed the Culps of their right to challenge the IRS's determination by filing a petition in the Tax Court within 90 days of the date of the notice.

This process repeated in 2018.  In May, the IRS sent the Culps another letter stating they owed only $2,087 in 2015 taxes, penalties, and interest—less than the amount previously assessed.  It again gave them 30 days to respond, and again the couple failed to do so.  Thus, the IRS levied on their property, collecting approximately $1,800 in total from the Culps' Social Security payments and 2018 tax refund.

Upset at the IRS for levying on their property, the Culps filed a petition in the Tax Court seeking, among other things, a "refund of all payments made under protest, or levied on, or executed on by the IRS."  A20.  The Tax Court dismissed their petition for lack of jurisdiction, reasoning its "jurisdiction depends upon the issuance of a valid notice of deficiency and the timely filing of a petition."  A157 (citing 26 U.S.C. §§ 6212, 6213, 6214).  It found the petition was untimely because the Culps did not file it within 90 days of the date the IRS sent them the second notice of deficiency.  They timely appealed.

## II. JURISDICTION & STANDARD OF REVIEW

We have jurisdiction under 26 U.S.C. § 7482(a)(1).[2] We give a fresh look to the Tax Court's dismissal for lack of subject matter jurisdiction, *see Rubel v. Comm'r*, 856 F.3d 301, 304 n.3 (3d Cir. 2017), and review its factual determinations for clear error, *Lattera v. Comm'r*, 437 F.3d 399, 401 (3d Cir. 2006).

## III. DISCUSSION

The Culps challenge the dismissal of their petition on multiple grounds. First, they assert the IRS failed to mail them a notice, and thus § 6213(a)'s 90-day clock had yet to start. Second and third, they contend § 6213(a)'s timeline is not jurisdictional and that it is subject to equitable tolling. We address each in turn.

### A. The Culps' Petition Was Untimely.

We agree with the Tax Court that the Culps' petition was untimely. To repeat, § 6213(a) provides that taxpayers may file a petition for redetermination of a deficiency "[w]ithin 90 days . . . after the notice of deficiency . . . is mailed." The Culps contend that the IRS never sent the notice of deficiency or, if it was sent, they never received it. Thus, in their view,

---

[2] The Tax Court retained jurisdiction over the Culps' deficiency petition even though the IRS had already collected a portion of the deficiency via levy. *See* 26 U.S.C. § 6213(b)(4).

the 90-day clock never started ticking, and so their petition must have been timely.

We are not persuaded. The Tax Court did not err, let alone clearly err, in its determination that the IRS properly mailed the notice. The record contains not only copies of it, but also a U.S. Postal Service Form 3877 showing the IRS sent it. *See Hoyle v. Comm'r*, 136 T.C. 463, 468 (2011) ("[E]xact compliance with Postal Service Form 3877 mailing procedures raises a presumption of official regularity in favor of the Commissioner and is sufficient, absent evidence to the contrary, to establish that a notice of deficiency was properly mailed."). As for the Culps' contention that they never received the notice, "actual receipt of [it] by the taxpayers is not required in order that the statutory filing period commence." *Boccuto v. Comm'r*, 277 F.2d 549, 552 (3d Cir. 1960). In short, the Culps filed their petition years after the IRS properly sent the notice; thus we will not disturb the Tax Court's finding that they filed their petition after § 6213(a)'s 90-day period lapsed.

### B. Section 6213(a)'s Deadline is Not Jurisdictional.

The central question in this appeal is whether the Culps' late filing deprives the Tax Court of jurisdiction to consider their petition. Put another way, is § 6213(a)'s 90-day requirement jurisdictional or is it a claims-processing rule?

"Jurisdictional requirements mark the bounds of a 'court's adjudicatory authority.'" *Boechler, P.C. v. Comm'r*, 142 S. Ct. 1493, 1497 (2022) (quoting *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)). If a jurisdictional requirement is unmet, the court lacks power to hear the case. *See Jaludi v. Citigroup*

*& Co.*, 57 F.4th 148, 151 (3d Cir. 2023) ("[V]iolating a jurisdictional procedural requirement locks the courthouse doors.").

Because an unfulfilled jurisdictional requirement carries harsh consequences, courts do not apply the "jurisdictional" label casually. *Wilkins v. United States*, 143 S. Ct. 870, 876 (2023). To determine whether a statutory deadline is jurisdictional or claims-processing in nature, we examine the "text, context, and relevant historical treatment" of the provision, *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010), and will "treat a procedural requirement as jurisdictional only if Congress 'clearly states' that it is," *Boechler*, 142 S. Ct. at 1497 (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515 (2006)). We do not look for "magic words," *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013), but the "traditional tools of statutory construction must plainly show that Congress imbued a procedural bar with jurisdictional consequences," *United States v. Kwai Fun Wong*, 575 U.S. 402, 410 (2015).

*Boechler* represents the Supreme Court's approach on whether a deadline is jurisdictional. The Court analyzed § 6330(d)(1)'s 30-day time limit to petition the Tax Court for review of collection due process determinations. That provision reads that "[t]he person may, within 30 days of a determination under this section, petition the Tax Court for review of such determination (and the Tax Court shall have jurisdiction with respect to such matter)." 26 U.S.C. § 6330(d)(1).

The Supreme Court held the deadline is not jurisdictional. In its view, the plausible interpretations of the

statute—one supporting a jurisdictional reading and one weighing against it—suggest "the text does not clearly mandate the jurisdictional reading." *Boechler*, 142 S. Ct. at 1498. Moreover, § 6330(d)(1)'s deadline speaks to what the taxpayer may do, while the parenthetical at the end of the provision contains the jurisdictional grant and speaks to the Tax Court's power to hear the case. *Id.* Further, other tax provisions passed contemporaneously with § 6330(d)(1) "much more clearly link their jurisdictional grants to a filing deadline." *Id.* at 1498–99 (citing 26 U.S.C. § 6404(g)(1) (1994 ed., Supp. II) (the Tax Court has "jurisdiction over any action . . . to determine whether the Secretary's failure to abate interest under this section was an abuse of discretion . . . if such action is brought within 180 days"); § 6015(e)(1)(A) (1994 ed., Supp. IV) ("The individual may petition the Tax Court (and the Tax Court shall have jurisdiction) to determine the appropriate relief available to the individual under this section if such petition is filed during the 90-day period.")).

> Returning to our issue, § 6213(a) reads in relevant part:
>
> Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. . . . [N]o assessment of a deficiency . . . and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as

9

> the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. . . . The Tax Court shall have no jurisdiction to enjoin any action or proceeding or order any refund under this subsection unless a timely petition for a redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition.

If the § 6330(d)(1) deadline in *Boechler* fell short of being jurisdictional, § 6213(a)'s limit must as well. For one, there is no "clear tie between the deadline and the jurisdictional grant." *Boechler*, 142 S. Ct. at 1499. The most pertinent part of § 6213(a) provides that "[w]ithin 90 days . . . after the notice of deficiency . . . is mailed . . . the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency." Nothing in that language links the deadline to the Court's jurisdiction. Yet, elsewhere in § 6213(a), Congress specified that "[t]he Tax Court shall have no jurisdiction to enjoin any action or proceeding or order any refund under this subsection unless a timely petition for a redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition." 26 U.S.C. § 6213(a). So Congress knew how to limit the scope of the Tax Court's jurisdiction. It expressly constrained the Tax Court from issuing injunctions or ordering refunds when a petition is untimely. But it did not similarly limit the Tax Court's power to review untimely redetermination petitions.

Context does little to bolster the IRS's case for the deadline being jurisdictional. True, if it is not jurisdictional, and a taxpayer's redetermination petition is dismissed for untimeliness, the assessed amount would have preclusive

effect in a refund suit under 26 U.S.C. § 7422.  *See* 26 U.S.C. § 7459(d) ("If a petition for a redetermination of a deficiency has been filed by the taxpayer, a decision of the Tax Court dismissing the proceeding shall be considered as its decision that the deficiency is the amount determined by the Secretary . . . unless the dismissal is for lack of jurisdiction."). But this situation presents itself only if a taxpayer files a late petition for redetermination of a deficiency, the Tax Court dismisses his or her petition, the taxpayer then pays the disputed deficiency, files for a refund, gets denied, and then sues in federal court challenging the denial.  That theoretical possibility seems seldom, if ever, to occur, *see* Center for Taxpayer Rights Amicus Br. at 14–16, and therefore does not move the needle.  *See Boechler*, 142 S. Ct. at 1499 ("[T]he Commissioner's interpretation must be not only better, but also clear.").  *But see Organic Cannabis Found., LLC v. Comm'r*, 962 F.3d 1082, 1095 (9th Cir. 2019) (interpreting this context to demonstrate that § 6213(a)'s deadline is jurisdictional).

Nor are we persuaded by the Commissioner's argument that relevant historical treatment (that is, our precedent) compels us to treat § 6213(a)'s deadline as jurisdictional. Although we have previously referred to it as such in passing, *see, e.g.*, *Sunoco Inc. v. Comm'r*, 663 F.3d 181, 187 (3d Cir. 2011), never have we so held.  This is the first published opinion to address squarely whether § 6213(a)'s deadline for redetermination petitions is jurisdictional, and we hold it is not.

### C. Section 6213(a)'s Time Limit May Be Equitably Tolled.

We next consider whether § 6213(a)'s deadline may be equitably tolled. We do so because we disagree with the Commissioner's contention that the Culps failed to preserve this issue. True, they never argued equitable tolling in the Tax Court. But they had no occasion to do so. The statute of limitations defense is an affirmative defense that respondents must raise. *See Day v. McDonough*, 547 U.S. 198, 207–08 (2006). In the Tax Court, the Commissioner never argued that, if § 6213(a) is not jurisdictional, the Court should still dismiss the Culps' petition because the limitation period ran. Thus, because the parties' squabble in the Tax Court was limited to whether the deadline is jurisdictional, the Culps had no logical reason to assert their claims may be tolled. As such, they neither forfeited nor waived this argument.

The equitable tolling doctrine "pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). It "is a traditional feature of American jurisprudence and a background principle against which Congress drafts limitations periods." *Boechler*, 142 S. Ct. at 1500. Thus, "nonjurisdictional limitations periods are presumptively subject to equitable tolling." *Id.*; *accord Young v. United States*, 535 U.S. 43, 49 (2002) ("It is hornbook law that limitations periods are customarily subject to equitable tolling." (cleaned up)).

Given this presumption, we ask whether there is "good reason to believe that Congress did *not* want the equitable

tolling doctrine to apply." *Arellano v. McDonough*, 143 S. Ct. 543, 548 (2023) (emphasis in original) (internal quotation marks omitted). We glean intent by looking to the relevant provision's text, context, and place in the broader statutory scheme.

We begin with the text. *See Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 714 (2019) ("Whether a rule precludes equitable tolling turns not on its jurisdictional character but rather on whether the text of the rule leaves room for such flexibility."). A statute that "sets forth its time limitations in unusually emphatic form . . . [and] a highly detailed technical manner . . . cannot easily be read as containing implicit exceptions." *United States v. Brockamp*, 519 U.S. 347, 350 (1997). Moreover, when a legislature lays out an "explicit listing of exceptions" to a deadline, it shows its intent for "courts [not to] read other unmentioned, open-ended, 'equitable' exceptions into the statute." *Id.* at 352; *see also Arellano*, 143 S. Ct. at 550 ("That Congress accounted for equitable factors in setting effective dates strongly suggests that it did not expect an adjudicator to add a broader range of equitable factors to the mix."). Finally, express language signifying that the only exceptions are those in the statute signals that courts should not permit equitable tolling. *See Arellano*, 143 S. Ct. at 551 (a statute requiring a receipt date to begin a filing period "[u]nless specifically provided otherwise" suggests the statute's enumerated exceptions are exclusive).

Applying these rules, there is insufficient textual evidence to persuade us that Congress sought to bar § 6213(a)'s deadline from being equitably tolled. The filing period is neither emphasized nor set out in a technical way. And though Congress provided for three equitable exceptions

13

to the deadline,[3] there is good reason to believe these exceptions are not exhaustive. Unlike the statutory deadlines examined in *Brockamp* and *Arellano*, both of which the Supreme Court held not subject to equitable tolling, § 6213(a)'s exceptions are neither many (the three here are less than the six in *Brockamp* and fifteen in *Arellano*), nor are they set out explicitly or "in a highly detailed technical manner," and they do not contain "substantive limitations" on the amount of recovery. *Brockamp*, 519 U.S. at 350, 352; *see Arellano*, 143 S. Ct. at 549. Finally, no express language in the statute suggests the enumerated exceptions are exhaustive.

The statutory context also suggests that Congress did not intend § 6213(a)'s filing limit to be unbending. The deadline is targeted at the taxpayer, not the Tax Court. *See Boechler*, 142 S. Ct. at 1500 (holding that a time limit directed at the taxpayer supports equitable tolling). Moreover, "[t]he presumption favoring equitable tolling is stronger when the limitations period is short," *Hedges v. United States*, 404 F.3d 744, 749 (3d Cir. 2005), and § 6213(a)'s 90-day time limit (or 150 days for notices sent to those outside the United States) fits

---

[3]    They are as follows. First, a taxpayer may file a redetermination petition after § 6213(a)'s deadline if it is within the date specified on the notice of deficiency he or she receives, even if that date is after the statutory deadline. *See* 26 U.S.C. § 6213(a). Second, the filing period does not run when the taxpayer is precluded from filing a redetermination petition because he or she is in bankruptcy. *See* 26 U.S.C. § 6213(f)(1). Third, the limitations period pauses for "any period during which the Secretary has extended the time allowed for making correction[s] [to certain excise taxes] under section 4963(e)." 26 U.S.C. § 6213(e).

the bill. *Compare Boechler*, 142 S. Ct. at 1500 (describing 30-day time limit as "short"), *with United States v. Beggerly*, 524 U.S. 38, 48–49 (1998) (holding that an "already generous [12-year] statute of limitations" cannot be tolled). It is also important that this deadline applies to "a scheme in which 'laymen, unassisted by trained lawyers,' often 'initiate the process.'" *Boechler*, 142 S. Ct. at 1500 (quoting *Auburn*, 568 U.S. at 154); *see* United States Tax Court, Congressional Budget Justification, Fiscal Year 2024, at 23 (Feb. 1, 2023) (explaining that in Fiscal Year 2022 80% of the Tax Court petitions were filed by taxpayers proceeding *pro se*).

We also believe the IRS's arguments that permitting equitable tolling would be inadministrable are overstated. Section 6213(c) directs the Commissioner to demand payment of deficient taxes "[i]f the taxpayer does not file a petition with the Tax Court within" § 6213(a)'s filing period. 26 U.S.C. § 6213(c). The Commissioner contends that, if we permit equitable tolling, "the United States would never have certainty about the amount of taxes it will collect for a given tax year." IRS Br. at 47. But after the Commissioner issued approximately two million notices of deficiency in Fiscal Year 2021, taxpayers filed only 34,049 redetermination petitions in the Tax Court.[4] Because taxpayers timely file the vast majority

---

[4] *See* Table 22, Information Reporting Program, Fiscal Year 2021, *Internal Revenue Service Data Book, 2021* (May 2022), *available at* [https://perma.cc/YB5F-UHZ8] (number of notices of deficiency sent in 2021); United States Tax Court, Congressional Budget Justification, Fiscal Year 2023, at 19 (Feb. 28, 2022), *available at* [https://perma.cc/WWD3-RUYR] (number of deficiency redetermination petitions filed in Fiscal Year 2021).

of these petitions, permitting equitable tolling would only affect a small subset of deficiency petitions filed after § 6213(a)'s period. This subset is quite small,[5] therefore indicating § 6213(a)'s deadline "serves a . . . limited and ancillary role in the tax collection system." *Boechler*, 142 S. Ct. at 1501. And we doubt our holding will encourage more taxpayers to file untimely petitions in the (longshot) hopes of bringing a successful equitable tolling argument.

Nor do we perceive that the IRS's ability to collect deficient taxes will be thwarted if taxpayers can assert their tardy petitions are timely due to equitable tolling. That is because a taxpayer's challenge will not undo the IRS's lien unless and until the taxpayer's challenge is successful. After the IRS provides a taxpayer notice of the deficiency's existence and amount, 26 U.S.C. § 6212, and the taxpayer does not file a petition within the time prescribed by § 6213(a), the deficiency shall be assessed, 26 U.S.C. § 6213(c), and becomes a lien on the taxpayer's property, § 26 U.S.C. § 6321. That lien "arise[s] at the time the assessment is made and shall continue until the liability for the amount so assessed . . . is satisfied or becomes unenforceable by reason of lapse of time." 26 U.S.C. § 6322. Thus, the IRS's power to collect a deficiency will not be frustrated if a taxpayer could argue that § 6213(a)'s deadline should be equitably tolled.

---

[5]　Amicus Center for Taxpayer Rights concluded, based on its analysis, that the Tax Court dismisses approximately 600 redetermination petitions per year for being untimely. *See* Center for Taxpayer Rights Amicus Br. at 14–15, 17.

For all these reasons, we hold that § 6213(a)'s deadline is subject to equitable tolling. We remand this case to the Tax Court to decide whether the Culps are entitled to that relief.

\* \* \* \* \*

Missing a statutory filing deadline is never ideal for the filer. But the specific consequence for doing so depends on the legislature's intent. If the statute clearly expresses the deadline is jurisdictional, the filer's tardiness deprives a court of the power to hear the case. Without a clear statement, courts will treat a filing period to be a claims-processing rule that is presumptively subject to equitable tolling. Because we discern no clear statement that § 6213(a)'s deadline is jurisdictional, we hold it is not. And because the presumption that nonjurisdictional time limits are subject to equitable tolling has not been rebutted here, we hold it may be tolled. We thus reverse the Tax Court's dismissal for lack of jurisdiction and remand for that Court to determine whether the Culps are entitled to equitable tolling.